IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PATSY PARKER                                                          PLAINTIFF

vs.                                                                     No. 1:04CV79-D-D

GARY BRIDGES; and BRIDGES
DENTAL LABORATORY, INC.                                      DEFENDANTS

<u>OPINION GRANTING IN PART AND DENYING IN PART
MOTIONS FOR SUMMARY JUDGMENT</u>

Presently before the court are the Defendants' motions for summary judgment. Upon due consideration, the court finds that the motions should be granted in part and denied in part. The motions shall be granted as to the Plaintiff's claim for discharge in violation of public policy, and that claim shall be dismissed. The motions shall be denied as to the Plaintiff's remaining claims; those claims shall proceed to trial.

*A. Factual and Procedural Background*

The Plaintiff, a female, was employed as a sales representative by the Defendant Bridges Dental Laboratory, Inc. from February 2002 until her discharge in April 2003. Her employment was terminated on April 14, 2003, after the parties were unable to agree on issues surrounding her continued employment and future compensation.

After satisfying all administrative prerequisites, the Plaintiff filed her Complaint in this court on March 8, 2004. In the Complaint, the Plaintiff asserts claims for sexual harassment as well as claims under state law. The Defendants have now filed motions for summary judgment, seeking dismissal of the Plaintiff's claims.

*B. Summary Judgment Standard*

A party is entitled to summary judgment "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings and "by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. That burden is not discharged by mere allegations or denials. Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

### C. Discussion

1. The Plaintiff's Claim for Retaliatory Discharge Under Mississippi Law

Mississippi recognizes a narrow public policy exception to the employment at will doctrine whereby an employer may not discharge an employee for reporting illegal acts of her employer to the employer or anyone else, or for the refusal to commit criminal acts. McArn v. Allied Bruce-

Terminix Co., 626 So. 2d 603, 606 (Miss. 1993).

The Plaintiff asserts claims for retaliatory discharge under McArn, and states that she was terminated, at least in part, for refusing to engage in adultery with the Defendant Gary Bridges. In asserting this claim, however, the Plaintiff fails to establish that the alleged attempted adultery constituted a criminal illegality.

The McArn exception has not been held to protect activity other than the reporting of, or refusal to commit, criminal acts. See, e.g., Rosamond v. Pennaco Hosiery, Inc., 942 F. Supp. 279, 285-87 (N.D. Miss. 1996). Here, the Plaintiff has failed to prove that the Defendant's attempt to commit adultery constituted a criminally illegal act, as opposed to perhaps being a moral lapse.[1] The McArn exception has not yet been expanded to protect employees who report, or refuse to commit, acts other than those for which criminal penalties may be imposed. Howell v. Operations Mgmt. Int'l, Inc., 161 F. Supp. 2d 713, 719 (N.D. Miss. 2001), *aff'd*, 77 Fed. Appx. 248 (5th Cir. 2003); Rosamond, 942 F. Supp. at 287. As such, the court finds that the Plaintiff cannot maintain a cause of action for retaliatory discharge under McArn and its progeny. There is no genuine issue as to any material fact concerning the Plaintiff's McArn claim, and the Defendants are entitled to judgment as a matter of law.

2. The Plaintiff's Remaining Claims

As for the Plaintiff's remaining claims, the court finds that genuine issues of material fact

---

[1] While Section 97-29-1 of the Mississippi Code does facially outlaw adultery under some circumstances, those circumstances, as they could potentially apply here, are limited to ones in which a man and woman "cohabit, whether in adultery or fornication." Miss. Code Ann. §97-29-1 (emphasis added). In the case *sub judice*, there is no evidence, and the Plaintiff does not assert, that the Defendant sought to cohabit with her in adultery. Thus, the Plaintiff's refusal to engage in adultery with the Defendant is not protected by the McArn exception, as the proposed adulterous act does not constitute a criminal offense under Section 97-29-1.

exist, and the Defendants have failed to show that they are entitled to judgment as a matter of law. Further, the court has the discretion, which it exercises here, to allow the Plaintiff's remaining claims to proceed to trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986) ("Neither do we suggest ... that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.").

### D. Conclusion

In sum, the court finds that the Defendants' motions for summary judgment should be granted in part and denied in part. The motions shall be granted as to the Plaintiff's state law claim for wrongful discharge in violation of public policy, and that claim shall be dismissed. The motions shall be denied, however, as to the Plaintiff's remaining claims; those claims shall proceed to trial.

A separate order in accordance with this opinion shall issue this day.

This the 5th day of August 2005.

/s/ Glen H. Davidson
Chief Judge